UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No. 1:22-cv-03194

JOHN DOE,

                               Plaintiff,

                 - against -                         **MEMORANDUM OF LAW**

BLACK DIAMOND CAPITAL MANAGEMENT LLC,

                              Defendant.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT

Plaintiff, proceeding pseudonymously as John Doe, by and through his attorneys, Nisar Law Group, P.C., respectfully submits this Memorandum of Law in support of Plaintiff's Motion requesting leave to file his Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

**A. Legal Framework Governing Motions to Proceed Pseudonymously**

Fed. R. Civ. P. 10(a) requires that the title of a complaint name all parties. However, courts have approved a plaintiff litigating under a pseudonym in certain circumstances. *See, e.g., Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). When determining whether a plaintiff should be permitted to proceed pseudonymously, courts within this Circuit must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id.* The Court in *Sealed Plaintiff* gives a non-exhaustive list of ten factors for a court to consider when determining whether to allow a plaintiff to proceed pseudonymously, which include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically,

> to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and, (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (quotations, citations, and edits omitted).

Nevertheless, the Second Circuit has emphasized that "this list is non-exhaustive," that "district courts should take into account other factors relevant to the particular case under consideration," and that the "factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id.*

### B.  Material Facts Relevant to Plaintiff's Motion

An analysis of the factual allegations in this case supports Plaintiff's request to proceed pseudonymously. Significantly, Plaintiff alleges in the filed complaint, in relevant part, that:

> Plaintiff explained that when he was younger, he had become addicted to opiates after he had some teeth pulled and was prescribed Percocet. He further disclosed that he was arrested for possession in 2014 but that he successfully completed a drug treatment program and was never convicted of any crime. Plaintiff explained that he has been in recovery ever since and had currently been five and one-half years sober. Additionally, Plaintiff mentioned that he attends weekly AA meetings, each lasting about two hours.

(ECF #1, at ¶25.)

### C.  The *Sealed Plaintiff* Factors Support Plaintiff's Motion to Proceed Pseudonymously

It is submitted that the most relevant factors here are: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (3) whether identification presents

other harms and the likely severity of those harms; and (7) whether the plaintiff's identity has thus far been kept confidential.

Initially, with respect to element number 1, Plaintiff alleges that he had previously suffered opiate addiction and had been arrested for possession in 2014. (ECF #1, at ¶25.) As such, Plaintiff reasonably fears embarrassment to himself and his family if his identity were disclosed because of the societal stigma commonly associated with addiction. *See, e.g., Smith v. United States Office of Pers. Mgmt.*, NO. 2:13-cv-5235, 2014 U.S. Dist. LEXIS 203893, at *4 (E.D. Pa. Jan. 21, 2014). Second, regarding element number 3, Plaintiff fears that identification presents other harms and the likely severity of those harms, namely, that he could face retribution in the industry due to the stigmas associated with individuals who are recovering from drug addiction. The industry in which Plaintiff sought employment (and which he maintains employment currently) is not as large as some may think, and Plaintiff has a legitimate fear that his current and future job prospects may be negatively impacted if his former addiction is revealed. *See Smith,* 2014 U.S. Dist. LEXIS 203893, at *4 ("Plaintiff has reasonable fears about the status of his current and future job prospects if his addiction is revealed").

And finally, with respect to element number 7, Plaintiff's identity has not been kept confidential thus far. In other words, Defendant is fully aware of Plaintiff's true identity as there have been numerous communications between Plaintiff's counsel and Defendant's counsel to date and Plaintiff has always been identified in these communications by his true name. Further, Plaintiff filed an EEOC charge underlying the allegations made in this case under his true identity. Further, Defendant has been supplied with these filed charge materials. *See, e.g., Doe v. United Behavioral Health*, No. 10-5192, 2010 U.S. Dist. LEXIS 131117, at *2 (E.D. Pa. Dec. 10, 2010).

### D. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court allow him to proceed pseudonymously at this stage or, in the alternative, for an Order sealing the Complaint.

Dated: New York, New York
April 19, 2022

                                            **NISAR LAW GROUP, P.C.**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Ph: (646) 449-7210
Email: cwolnowski@nisarlaw.com